IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Gene C. McQuown, Bruce R.
McLean, and Mandarin Oil and
Gas Co.,
    Plaintiffs

v.                                        Civil Action No. 1:10 cv 184

Brady Resources, Inc.,
    Defendant.

## MEMORANDUM OPINION AND ORDER

This day came Plaintiffs by Alden Jeffrey Eldredge, their counsel, and Defendant by Joel H. Mirman, pro hac vice, and J. Bryan Edwards, local counsel, for hearing on the motion of J.Bryan Edwards for leave to withdraw as local counsel [DE 35] filed 4 August 2011. Plaintiff filed a response in opposition to the motion [DE 43] filed 9 August 2011.

Notwithstanding that the burden is on the movant, the Court provided counsel for Plaintiffs the opportunity to ad any argument or evidence deemed necessary and appropriate to supplement the response in opposition before excusing Plaintiff's counsel from the hearing in order to protect the attorney client confidences that might be necessarily disclosed by Edwards in the prosecution of his motion. Counsel for Plaintiffs had nothing to ad to the filed response and was accordingly excused from further participation.

Thereupon the Court heard the argument of Mr. Edwards in support of his motion. The Court further heard the arguments and comments of Mr. Mirman as *pro hac vice* counsel for Defendant. The Court received in evidence two letters directed marked Plaintiff's Hearing Exhibits A and B and directs the clerk to file the same under seal.

The Court makes the following public findings for the following reasons:

1)   Mr. Edwards signed answer to Plaintiffs complaint and caused the same to be filed on November 19, 2010 [DE 5]

2)   As responsible local attorney, Mr. Edwards signed the *pro hac vice* application of Mr. Mirman on November 30, 2010 [DE 10].

3)   Mr. Edwards moved to withdraw as counsel pursuant to W.V. Rule of Professional Responsibility 1.16(b)(4) on January 20, 2011 [DE 15].

4)   Subsequent to filing the motion to withdraw, the financial and engagement letter issues Mr. Edwards had with Defendant were resolved and the motion was withdrawn as memorialized by the Scheduling Order entered by the District Judge on January 26, 2011 [DE 18] which denied the same as moot.

5)   Issues between Mr. Edwards and Defendant in three cases, two then pending in the Circuit Court of Harrison County, West Virginia and the instant case, continued from February 2011 to present.

6)   The scheduling order set this case for final pretrial conference before the District Judge on August 18, 2011 and for jury trial on August 29, 2011.

7)   Defendant nor Defendant's counsel have procured local counsel who is willing to substitute himself or herself for Mr. Edwards.

8)   Mr. Edwards formally notified Defendant in writing of his intent and his reasons for moving to be relieved as local counsel in the instant case on August 8, 2011.

9)   Although the issues that bring Mr. Edwards before the court now existed and were known by him to exist in the winter of 2011, Mr. Edwards did not file his motion to be relieved as counsel for Defendant in the winter of 2011. He continued to hope the issues would be resolved by prospective financial arrangements which did not materialize.

10) LRGenP 83.02 (b) provides in pertinent part: Responsible Local Attorney: The responsible local attorney to be associated with the applicant shall be a follows: ... The local attorney shall be required to sign all pleadings and filings and affix his or her West Virginia State Bar identification number thereto and to attend all hearings, trials or proceedings actually conducted before the judge, tribunal or other body of the State of West Virginia for which the applicant has sought admission *pro hac vice*. The local attorney shall further attend the taking of depositions and other actions that occur in the proceedings that are not actually conducted before the judge, tribunal or other body of the State of West Virginia for which the applicant has sought admission *pro hac vice* and shall be a responsible attorney in the matter in all other respects. With prior permission of the Court, local counsel will not be required to attend routine court hearings or proceedings. ... The responsible local attorney shall evidence his or her agreement to participate in the matter by his or her endorsement upon the verified statement of application, or by written statement attached to the application.

11) LRGenP provides: No attorney who has entered an appearance in any civil or criminal action shall withdraw the appearance or have it stricken from the record, except by order.

12) LRGenP 84.01 provides in pertinent part: In all appearances, actions and proceedings within the jurisdiction of this Court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct adopted by the Supreme Court of Appeals of West Virginia, ....

13) **Rule 1.16. Declining or terminating representation** provides in pertinent part relative to the motion pending:

　　a.　(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw

unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; ....

14) Withdrawal by an attorney is not a matter of right, but is subject to leave of court. *See Abbott v. Gordon,* Civ. No. DKC–09–0372, 2010 WL 4183334, at *1 (D.Md. Oct.25, 2010) ("The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court."); *Lenoir v. Pyles,* 320 F.Supp.2d 365 (D.Md.2004) (denying local counsel's motion to withdraw, where out-of-state lead counsel, who had been admitted *pro hac vice,* had been disbarred in his home jurisdiction, and stating: "Local Rule 101.2.a permits withdrawal of counsel *only* with leave of Court.") (emphasis in original); *Roberts v. County Comm'rs of Cecil County,* 906 F.Supp. 304 (D.Md.1995) (denying motion to withdraw by appointed *pro bono* counsel representing indigent litigant in prisoner civil rights case).

15) Under local rules *pro hac vice* counsel can not appear and represent Defendant at trial in the absence of local counsel.

16) Even if matters meeting Rule 1.16(a)(4) and (5) are grounds for terminating representation, they are not necessarily grounds for terminating representation as local counsel in civil case particularly when the grounds were known 6 to 7 months prior to filing of motion to withdraw and when granting of leave to withdraw would: 1) be tantamount to leaving Defendant without counsel for a final pretrial 6 days from the hearing and a trial within 17 days of the hearing; 2) could result in Court forcing party Defendant to proceed to trial without counsel or continue trial; and 3) could result in Plaintiffs being unreasonably delayed in obtaining a court resolution of their dispute with Defendant.

For the foregoing reasons and other reasons stated on the record of the hearing, which is now sealed except to Defendant, Defendant's counsel and the Court, J.Bryan Edwards' motion to withdraw as counsel [DE 35] is **DENIED.**

The clerk is directed to provide electronic notice of this order to counsel of record and to remove DE 35 from the docket of motions actively pending before this Court.

It is so **ORDERED.**

Dated: 12 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE